12-1837-cr
*United States v. Vassar*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand thirteen.

PRESENT:

BARRINGTON D. PARKER,
PETER W. HALL,
RAYMOND J. LOHIER, JR.,
          *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

          *Appellee,*

          -v.-                                              No. 12-1837-cr

TRAVIS A. VASSAR, AKA SEALED DEFENDANT,

          *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**          Mary Anne Wirth, Bleakley Platt & Schmidt, LLP, White Plains, NY.

**FOR APPELLEE:**          Paula Ryan Conan, Assistant United States Attorney, of Counsel, *for* Richard S. Hartunian, United States Attorney, United States Attorney's Office for the Northern District of New York, Syracuse, NY.

1

Appeal from the judgment of conviction, entered on March 1, 2012, by the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Travis A. Vassar appeals from the March 1, 2012 judgment imposing a sentence of 57 months' imprisonment following his plea of guilty to possession of a firearm in or affecting commerce while having been previously convicted of a felony offense, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Vassar contends that the district court's decision to impose a two-level stolen firearm enhancement under U.S.S.G. § 2K2.1(b)(4), without conducting an evidentiary hearing, was procedurally and substantively unreasonable given his grandmother's sworn statement that the firearm he possessed was not stolen and the government's failure to introduce sworn testimony or evidence to the contrary. We review for clear error the district court's underlying findings of fact with respect to sentencing. *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011). The district court need only find the facts to support the imposition of an enhancement by a preponderance of the evidence, *United States v. Carty*, 264 F.3d 191, 194 (2d Cir. 2001), and, under these circumstances, it satisfies its obligation to make specific factual findings when it adopts the findings in the Pre-Sentence Report ("PSR"), *United States v. Molina*, 356 F.3d 269, 275 (2d Cir. 2004). "A criminal defendant has no right to demand an evidentiary hearing to present his own witnesses at sentencing," *United States v. Morrison*, 153 F.3d 34, 54 (2d Cir. 1998), and forfeits the right to claim on appeal that the district court should have held a hearing where he failed to request one, *see United States v. Collado*, 106 F.3d 1097, 1104-05 (2d Cir. 1997), *overruled on other grounds by United States v. Ortiz*, 143 F.3d 728 (2d Cir. 1998); *see also* Fed. R. Crim. P. 51(b). While a district court is not required to

2

hold full-blown evidentiary hearings to address sentencing disputes, it must "afford the defendant some opportunity to rebut the [g]overnment's allegations." *United States v. Slevin*, 106 F.3d 1086, 1091 (2d Cir. 1996) (quoting *United States v. Eisen*, 974 F.2d 246, 269 (2d Cir. 1992)).

First, we note that Vassar's counsel sufficiently preserved his right to appeal the stolen firearm enhancement by arguing at sentencing that the evidence was insufficient to support a finding that the firearm was stolen. *United States v. Diaz*, 176 F.3d 52, 117 (2d Cir. 1999) ("In order to preserve an issue for appeal, a defendant must either object to the presentence report or . . . raise the objection at the time of sentencing.") (internal quotation marks omitted).

Second, the district court did not clearly err in finding that the firearm was stolen based on the statements in the PSR. According to the PSR, Vassar was arrested on November 5, 2009 following a high-speed police chase involving a car owned by his grandmother, Ada Vassar. The following day, New York State Police ("NYSP") Troopers interviewed Ada Vassar at her home. During the interview, she acknowledged having loaned her car to Vassar's girlfriend. Upon learning her car had been "totaled," she "checked her bedroom" and discovered that the firearm involved in these proceedings was missing from her gun rack. Thereafter, she reported the firearm as stolen, thus triggering the NYSP's investigation. This investigation led to Vassar's arrest and subsequent guilty plea in September 2011. The fact that the firearm was stolen as well as the resulting two-level sentence enhancement were discussed in the government's oral presentation during the change of plea hearing and were included in the government's written Offer of Proof.

Sometime in October 2011, during the pre-sentence investigation, Vassar informed his probation officer that he had not stolen the firearm and that his grandmother had inherited it from his grandfather and had later gifted it to him. Subsequently, Ada Vassar prepared a sworn statement in which she denied having reported the firearm as stolen and said that the firearm was not stolen but was in fact an inheritance gift given to Vassar by his late grandfather. Vassar adopted his

3

grandmother's version of events when given the opportunity to address the court during his sentencing proceedings.

At sentencing, although the district court did not conduct a full-blown evidentiary hearing, it properly afforded Vassar the opportunity to rebut the government's contentions surrounding the firearm by considering his grandmother's sworn statement, hearing the parties' arguments, and allowing Vassar to address the court at length. While the district court understood a grandmother's motivation to prepare a sworn statement exonerating her grandson on the eve of sentencing, the district court did not clearly err in giving more weight to her original statement. The record is clear that but for Ada Vassar's initial claim that the firearm was missing, the NYSP would not have begun an investigation into the matter. Additionally, Vassar's argument concerning alleged discrepancies between the government's written Offer of Proof and the facts included in the PSR is without merit, as both indicate that Ada Vassar's report triggered the police investigation. Based on the record before the district court and given the opportunity afforded Vassar to challenge the government's allegation, there is no basis to conclude that the district court committed a clear error in determining that the firearm was stolen.

Vassar also contends that his counsel was ineffective in failing both to request an evidentiary hearing and to remind the district court of his grandmother's sworn statement. In general, we have a "baseline aversion to resolving ineffectiveness claims on direct review." *United States v. Salameh*, 152 F.3d 88, 161 (2d Cir. 1998). The Supreme Court has also indicated that "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Nevertheless, we have entertained such claims on direct appeal, "when their resolution is beyond any doubt or to do so would be in the interest of justice." *United States v. Khedr*, 343 F.3d 96, 100 (2d Cir. 2003) (internal quotation marks omitted). In this case, even if his counsel's performance was somehow defective, Vassar cannot demonstrate that

4

"the deficient performance prejudiced [his] defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As stated above, Vassar was not entitled to an evidentiary hearing as of right, *Morrison*, 153 F.3d at 54, and was afforded the opportunity to challenge the government's evidence at sentencing, *Slevin*, 106 F.3d at 1091. Additionally, the district court fully considered Ada Vassar's sworn statement when determining whether Vassar had stolen the firearm. Vassar's ineffective assistance of counsel claim is without merit.

Vassar was permitted to file a supplemental *pro se* brief, which was received after the case was submitted. In it, he again challenges the imposition of the two-level sentence enhancement under U.S.S.G. § 2K2.1(b)(4). He also argues for a base offense level reduction in light of his assertion that the firearm was for hunting purposes only and that he had no criminal intent when he sold it. In addition, Vassar contends that he was misled by his counsel with respect to the two-level sentence enhancement and his base offense level calculation upon pleading guilty. We have carefully considered these arguments and all remaining arguments and find them to be without merit.

For the foregoing reasons, we **AFFIRM** the judgment of conviction of the district court, entered on March 1, 2012.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court